FILED
MAR 02 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ERNEST L. DEAN, on behalf of themselves and others similarly situated; ALDER HOUSE COUNCIL COMMITTEE, also known as AHCC; MARIAN GREER; JANICE POTTER, WILLIAM SCRIVEN; MARK CARRILLO; LARRY AGUILAR; STEPHEN WINSLOW; JOANNE DEVORE; RON LAKE; DEBORAH HENSON; and EMMANUEL PARRAN,

Plaintiffs,

v.

TIMOTHY JONES, incumbent Manager of the Alder House Apartments in his official and individual capacities; and INCOME PROPERTY MANAGEMENT CORPORATION, in their official and individual capacities, also known as IPM,

Defendants.

CV. 09-1102-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Ernest L. Dean, appearing *pro se*, filed this action on behalf of himself and the other residents of Alder House Apartments ("Alder House"), a low income housing facility apparently managed by defendants Income Property Management Corporation ("IPM") through its employee defendant Timothy Jones. IPM and Jones (collectively "Defendants") move to dismiss the complaint for failure to state a cognizable claim or, alternatively, to make the complaint more definite and certain. Dean moves to compel the production of documents requested on December 14, 2009. The court finds that Dean has failed to state a claim upon which relief may be granted and recommends granting the motion to dismiss with leave to Dean to file an amended complaint remedying the deficiencies. The court defers ruling on Dean's motion to compel pending the review of this Findings and Recommendation by an Article III Judge.

*Background*

Dean alleges in his complaint that he has been a low-income resident of Alder House since July 1, 2003, is the President and Chairman of the Alder House Council Committee, and is a community volunteer. (Compl. at 3.) He asserts that he is similarly situated to the class members, all current residents of Alder House involved in volunteer service. Some of the class members, but not Dean, are identified as "senior citizens" and/or "disabled." (Compl. at 3-4.) Alder House has received federal housing credits. (Compl. at 5) IPM is an Oregon corporation and Jones is the manager of the Alder House. (Compl. at 4.) Dean alleges that Jones discriminated against the Alder House tenants by posting violation notices and assessing fines against the plaintiffs. (Compl. at 4.)

The alleged discriminatory conduct is based on Jones's relationship with the plaintiffs. Jones

warned the plaintiffs of a future rent increase but did not provide specific information about the increase, such as when the increase would go into effect, how much the increase would be, and whether the plaintiffs would get written notice of the increase. (Compl. at 5.) Dean contends that Jones's actions threatened plaintiffs, as well as others interested in assisted housing, with imminent injury including the loss of rights granted them under section 515 of the FMHA.[1] (Compl. at 5.)

Dean also alleges that the condition of his residence and Jones's response to his requests for maintenance and repair were inadequate. On June 11, 2008, Dean requested, in writing and orally, that Jones provide maintenance and repair. On June 24, 2008, Jones posted a 24-hour notice of inspection and maintenance on Dean's door. The same day, Dean requested, in writing, that the inspection/maintenance be rescheduled. On June 25, 2008, Jones posted a smoke alarm notice on Dean's door and Dean complained to IPM about Jones's conduct. (Compl. at 6.)

On August 27, 2008, Jones posted a notice for annual recertification on Dean's door with a warning that failure to cooperate was grounds for terminating his lease. That same day, Dean complained to Jones about an infestation of bed bugs in Alder House. On September 5, 2008, Jones posted a final certification notice on Dean's door advising him that he would receive a 30-day notice to vacate. On September 6, 2008, Alder House residents who received similar notices met in the common area to discuss safety concerns and Jones. (Compl. at 6.) Two days later, Jones posted a 72-hour notice of termination on Dean's door. Dean complained about Jones to an unidentified individual on September 8, 2008. (Compl. at 7.)

On September 22, 2008, Dean received an Annual Recycling Agreement seeking his

---

[1]It is unclear which statutory act, if any, Dean is referring to. The acronym "FmHA" is generally used to refer to the Farmers Home Administration. In any event, Dean does not otherwise refer to this act and has not asserted a claim for violation of the act.

participation in a recycling program. On October 3, 2008, the Alder House Council Committee complained, again to an unidentified individual, about Jones for building related issues. On October 17, 2008, an unidentified individual or group filed a complaint with the United States Department of Housing and Urban Development based on Jones's conduct and building-wide issues, including bed bug infestations in the Alder House. (Compl. at 7.)

On October 27, 2008, Dean submitted a written request to Jones for extermination of bed bugs in his unit. Dean requested that he be allowed to be present during the extermination based on Jones's common practice of gaining access to units while they were vacant for the purpose of a ghost inspection or ghost maintenance repair. On November 26, 2008, Jones signed for first class mail addressed to Dean, failed to inform Dean about the mail, apparently lost the mail, and then became angry and irate when Dean questioned him about the mail. (Compl. 8.)

Dean asserts claims for: 1) retaliation under 42 U.S.C. § 3617; 2) violation of his right to due process under the covenants, conditions and restrictions of the Federal Fair Housing Act of 1968 for disclosing that tenants had been sued in his tenant screening report but not reporting the outcome of the case; 3) violation of OR. REV. STAT. 90.245 based on Defendants having an interest in the rental agreements between plaintiffs; 4) violation of the Federal Fair Credit Report Act (15 U.S.C. § 1681) for the improper use of credit information during the pre-screening process; and 5) interference with plaintiffs enjoyment of Alder House in violation of 42 U.S.C. §§ 3603, 3604, 3605, or 3606. (Compl. at 9-10.) He asserts that his claims are typical to those of the class members, that he will fairly and adequately represent the interest of the class, and that he is "represented by counsel who are competent and experienced in civil rights and class action litigation." (Compl. at 10.) Dean seeks declaratory and injunctive relief, as well as monetary civil penalties under 15 U.S.C. §

{SIB}

1681(m). (Compl. at 10-11.)

*Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Additionally, the court must accept all alleged material facts as true and construe them in the light most favorable to the nonmoving party. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)(citations omitted).

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-624.

*Discussion*

A. Dean's Attempts to Represent Other Putative Plaintiffs

At the outset, the court notes that although Dean alleges that he is represented by counsel who are competent and experienced in civil rights and class action litigation, it is clear that he is

*{SIB}*

appearing *pro se* in this action. Parties may plead and conduct their own cases personally in all courts of the United States. 28 U.S.C. § 1654 (2009). An individual appearing pro se may not, however, represent other individuals in federal court. "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008). Similarly, the representative of a class cannot appear *pro se*. A litigant simply cannot "fairly and adequately protect the interests of the class." *Williams v. Boardman*, No. 1:10-cv-00038-AWI-SMS PC, 2010 WL 367794 at *1 (E.D. Cal. Jan. 27, 2010)(quoting FED. R. CIV. P. 23(a)(4); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). Accordingly, all of the plaintiffs except Dean should be dismissed and the court should consider the complaint to assert claims on behalf of Dean alone.

B. The Fair Housing Act

Dean's claims for retaliation, interference, and for violation of his due process rights, are all brought under the Fair Housing Act set forth at 42 U.S.C. §§ 3601, *et seq.* (the "Housing Act"). The Housing Act prohibits discrimination in housing. In general, the Housing Act provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling because of race, color, religion, sex, familial status, national origin, handicap or age. Additionally, the Housing Act makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed * * * any right granted or protected by [this Act.]" 42 U.S.C. §3617 (2008). In evaluating fair housing cases, courts use Title VII employment discrimination concepts. *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997). To establish a *prima facie* case of retaliation under federal law, a

{SIB}

plaintiff must demonstrate that "(1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).

Dean does not allege that he is a member of any of the classes protected by the Housing Act or that Defendants' adverse actions were based on a tenant's status as a protected class member. Therefore, he does not state a claim for discrimination under the Housing Act. Similarly, because Dean has failed to allege that he is a member of a protected class or that he complained about Jones's treatment of other Alder House residents protected under the Housing Act, he has failed to allege that he engaged in a protected activity by complaining of discrimination under the Act. Finally, "individuals involved in litigation" is not a protected class under the Housing Act. The court is unable to find, and Dean does not reference, any provision of the Housing Act prohibiting a prospective landlord from referencing suits involving a prospective tenant in a screening report without mentioning the outcome of the case, or any provisions identified as covenants, conditions, and restrictions. In any event, Dean has not alleged that Jones indicated that Dean was being sued, but not the outcome of the suit, in Dean's tenant screening report. Even if he had made such an allegation, Dean has resided at Alder House since July 1, 2003, and his claim based on this conduct would likely be barred by the statute of limitations.

Dean has failed to state a cognizable claim under the Housing Act. Defendants' motion to dismiss these claims should be granted.

C. OR. REV. STAT. 90.245

Dean asserts that plaintiffs' rental agreements are in violation of Oregon law based on Jones's interest in the agreement. Under OR. REV. STAT. 90.245, a rental agreement may not provide that

a tenant: 1) waives any rights under the chapter; 2) authorizes an individual to confess judgment on their behalf; 3) limits liability, or indemnifies another, for willful misconduct or negligence; or 4) agrees to liquidated damages. Dean does not allege that his rental agreement with Defendants includes any of these prohibited provisions. Accordingly, he has failed to state a claim under this statute.

D. Fair Credit Reporting Act

Dean appears to contend that Defendants' use of credit information acquired without authorization for the purpose of screening prospective tenants violated the federal Fair Credit Reporting Act found at 15 U.S.C. §§ 1681 *et seq.* (the "Fair Credit Act"). "The [Fair Credit Act] was the product of congressional concern over abuses in the credit reporting industry. The legislative history of the [Fair Credit Act] reveals that it was crafted to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)(internal citations omitted.)

The specific provision cited by Dean, 15 U.S.C. § 1681m, generally governs an individual's right to know what information was relied on in making an adverse credit decision and how to obtain access to that information. Dean has not alleged that Defendants made an adverse credit decision based on information obtained about Dean. To the contrary, Dean specifically alleges that he has resided at the Alder House for over six years, which supports a finding that Defendants offered Dean whatever credit was necessary for him to become a resident at Alder House. Additionally, there is no evidence that Dean was required to provide a higher security deposit or pay more rent as a result

of information obtained by Defendants. Dean has failed to state a claim for relief under the Fair Credit Act.[2]

*Conclusion*

All of the plaintiffs except Dean should be dismissed based on Dean's *pro se* status and the court should consider the complaint to assert claims on behalf of Dean alone. Defendants' motion (#14) to dismiss should be GRANTED in its entirety. Defendants' alternative motion to make more definite and certain should be DENIED as moot, without prejudice. In light of Dean's *pro se* status, the court should give Dean leave to file an amended complaint containing allegations that establish he is a member of a class protected by the Housing Act or that he suffered adverse consequences because he complained about discrimination of other protected tenants, his rental agreement contains provisions prohibited by OR. REV. STAT. 90.245, and that he suffered an adverse credit decision based on information obtained by Defendants in violation of the Fair Credit Act. Dean should be directed to attach his rental agreement with Alder House to support his claim under OR. REV. STAT. 90.245.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **March 17, 2010**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

/////

/////

---

[2]Until Dean files an amended complaint to attempt to correct the deficiencies described above, the court can not determine whether a motion to make more definite and certain should be granted. Accordingly, the court denies that part of Defendant's motion as moot, without prejudice.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 2nd day of March, 2010.

JOHN V. ACOSTA
United States Magistrate Judge